OPINION
PER CURIAM.
Michael Curtis Reynolds appeals pro se from the District Court’s denial of his motion seeking recusal. The District Court also dismissed Reynolds’s habeas petition without prejudice in an earlier decision, which included a separate request for re-cusal. Because the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).
In November 2008, Reynolds filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the legality of his federal criminal conviction. Attached to his petition was a letter in which Reynolds also sought recusal of Judge McClure. The court denied Reynolds’s request for recusal and found that Reynolds’s habeas petition was an unauthorized second or successive habeas petition. The District Court also noted that Reynolds has a direct appeal pending before this Court and therefore, his instant petition under § 2241 was premature. See C.A. 07-3210. For these reasons, the *586 court dismissed Reynolds’s petition without prejudice.
In December 2008, Reynolds filed a Motion for Recusal Amendment for Judge McClure, alleging bias against him in the instant case, as well as two other cases. Reynolds reasserted the merits of his ha-beas petition as well as cited various denials by Judge McClure in other pending cases as a basis for recusal. The District Court relied on its previous dismissal of Reynolds’s habeas petition to deny Reynolds’s recusal motion as moot. Reynolds timely appealed.
We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291. Under 28 U.S.C. § 1915(e)(2)(B), an appeal must be dismissed if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
The District Court did not err in dismissing Reynolds’s § 2241 petition. A federal prisoner may proceed under § 2241 only if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir.1997). Even if Reynolds had filed a § 2255 motion, however, he would be unable to show that he is entitled to relief at this time, as he currently has a direct appeal pending in this Court. Accordingly, because he is in the process of challenging the legality of his detention via direct appeal and these claims have not yet been resolved, the instant challenge to his conviction and sentence is premature. Reynolds must wait until this Court disposes of his direct appeal before he pursues any other available avenues for relief.
Furthermore, it is well settled that a court’s rulings in a particular case, standing alone, will not support a request for recusal. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). A litigant’s mere dissatisfaction also does not form an adequate basis for recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir.2000). Rather, to show bias or partiality, a movant must show that a judge displays a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky, 510 U.S. at 555, 114 S.Ct. 1147. Reynolds does meet this standard, and in fact, a review of the dockets in the other matters in which Judge McClure has presided indicates that Reynolds deluged the court with numerous filings. Judge McClure’s rulings against Reynolds’s motions do not demonstrate any such favoritism or antagonism, as much of what Reynolds filed was later contradicted by his subsequent filings or was otherwise meritless. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163, 167 (3d Cir.1993). As such, the District Court properly denied Reynolds’s requests for recusal. In light of the fact that the court already dismissed Reynolds’s ha-beas petition, his subsequent request for recusal in a closed matter was properly deemed moot.
Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, Reynolds’s motion for certificate of no contest is denied as appellee’s lack of a response does not necessarily deem the matter uncontested under the Local Rules. Responses to matters listed for summary action are not required. See L.A.R. 27.3.